IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WILLIAM JOHNSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1152 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Carl William Johnson, a state inmate proceeding *pro se* and *in forma pauperis*, challenges his 1982 state felony conviction for aggravated sexual assault and the 2002 denial of his motion for post-conviction DNA testing. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be DISMISSED IN PART with an ORDER TO SHOW CAUSE, as follows.

*Background and Claims*

Petitioner was convicted of aggravated sexual assault in 1982 and sentenced to sixty years incarceration. The conviction was affirmed on appeal. Petitioner reports that the Texas Court of Criminal Appeals denied his two applications for state habeas relief in 1984. He further reports that in 2002, the state trial court denied his motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, based on the State's proof

in 2002 that it no longer had any biological evidence from the 1982 trial. The denial of post-conviction DNA testing was affirmed on direct appeal. *Johnson v. State*, No. 14-02-00663-CR (Tex. App. – Houston [14th Dist.] 2003, no pet.).

In the instant petition, petitioner challenges the state court's 2002 denial of post-conviction DNA testing under the following grounds:

(1) error by the trial court in denying post-conviction DNA testing;

(2) ineffective assistance of counsel during the DNA motion hearing;

(3) denial of due process by the State's failing to preserve the rape kit evidence from his 1982 trial for purposes of post-conviction DNA testing; and

(4) actual innocence based on the State's acknowledgment that it no longer has the rape kit regarding petitioner's 1982 criminal prosecution.

Petitioner also challenges his 1982 conviction under the following two grounds:

(5) prosecutorial misconduct by the State in presenting false and misleading evidence; and

(6) A *Batson* violation.

### *Applicable Rules and Standards*

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state court adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law

as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

Under AEDPA, federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1),(2).

### *Analysis*

*Claims Regarding Post-Conviction DNA Testing*

Under Texas law, a convicted person may submit to the convicting court a motion requesting DNA testing of evidence containing biological material. TEX. CODE CRIM. P. art.

4


64.01(a). The convicted person must demonstrate that the evidence "was secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense," but that the state has not previously tested it. *Id*., art. 64.01(b). Additionally, the convicted person must show that the identity of the perpetrator was or is an issue in the case and must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id*., art. 64.03(a)(1)(B), (2)(A). If these requirements are met, the state court may order DNA testing. *Id*., art. 64.03(b). After examining the results of the testing, the convicting court shall hold a hearing and make a finding as to whether it is reasonably probable that the person would not have been convicted had the results been available during the trial of the offense. *Id*., art. 64.04.

Any right petitioner may have regarding post-conviction DNA testing arises solely under Texas law and does not implicate a federal constitutional issue. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also Richards v. District Attorney's Office*, 355 F. App'x 826, 826 (5th Cir. 2009) (unpublished). Federal habeas relief is only available if a petitioner shows he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). As petitioner's challenges to the denial of his motion regarding DNA testing are based solely on state law, they provide no basis for federal habeas relief.

For like reason, petitioner's complaints regarding counsel's performance at the DNA testing hearing afford him no relief as no federal constitutional issue is presented. Even assuming petitioner enjoyed a Sixth Amendment right to counsel for purposes of his post-conviction DNA testing proceeding, the state appellate court rejected his claim of ineffective assistance of counsel. *Williams v. State*, No. 14-02-00663-CR (Tex. App. – Houston [14th Dist.] 2003, no pet.). Petitioner fails to show that the state court's determination was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. §§ 2254(d)(1), (2).

Further, the Texas Court of Criminal Appeals determined that petitioner's Fourteenth Amendment due process rights were not denied by the State's failure to preserve potentially useful evidence in his conviction. *Ex parte Johnson*, WR-13470-14 (Tex. Crim. App. 2007). The Fourteenth Court of Appeals of Texas reached the same conclusion in affirming the denial of petitioner's motion for post-conviction DNA testing. *Johnson v. State*, No. 14-02-00663-CR (Tex. App. – Houston [14th Dist.] 2003, no pet.). The Supreme Court has held that, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). Petitioner shows no bad faith on the part of the police or the State in its failure to retain the rape kit for twenty years, particularly in

light of the fact that the state statute giving rise to post-conviction DNA testing did not exist until nearly two decades after petitioner's trial.

Petitioner also asserts that, because the State no longer has the rape kit evidence from 1982, he is "actually innocent" of the offense and should be released. That the State no longer possesses the rape kit from the 1982 offense does not constitute "new evidence" with which no reasonable juror would have convicted him nor does it establish that petitioner was actually innocent of the aggravated sexual assault. Additionally, petitioner establishes no underlying constitutional violation within which the issue of "actual innocence" becomes viable as to his post-conviction DNA testing proceedings. The Supreme Court holds that there is no freestanding federal constitutional right to post-conviction access to DNA evidence for testing. *District Attorney's Office for Third Judicial District v. Osborne*, __U.S. __, 129 S. Ct. 2308, 2323 (2009).

*Challenges to the 1982 Conviction*

Petitioner raises claims for prosecutorial misconduct and a *Batson* violation arising from his 1982 trial for aggravated sexual assault. As to the first issue, petitioner argues that, because there was no laboratory testing matching him to the rape kit evidence taken of the complainant in the 1982 trial, there was no "definitive" evidence identifying him as the assailant, and the prosecutor wrongfully argued to the jury that the evidence established his guilt. Petitioner contends that this claim is not barred by the applicable one-year statute of

7

limitation because it constitutes "newly discovered evidence" in that he did not "discover" until July 26, 2005, when another inmate brought it to his attention.

Under section 2254(d)(1)(D), the one-year limitation commences on the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. In the instant case, petitioner admits that a lab technician testified in the 1982 trial that he did not process any biological evidence from petitioner for purposes of matching it to the complainant's rape kit evidence. (Docket Entry No. 2, p. 2.) Accordingly, petitioner's own arguments show that the factual predicate of this claim could have been discovered through the exercise of due diligence as of the time of his 1982 trial. That another inmate did not "point it out to him" until 2005 did not act to commence limitations as of that date. Thus, this claim is barred by limitations.

As to the second issue, the Court notes that the events giving rise to petitioner's *Batson* claim also occurred during the 1982 trial. Accordingly, petitioner had until April 26, 1997, to file a federal habeas petition regarding this claim. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner states that he did not seek federal habeas relief on this issue until the filing of this petition in 2007. Accordingly, petitioner's *Batson* claim is barred by limitations and subject to dismissal.

Unlike his arguments regarding prosecutorial misconduct, petitioner does not attempt to show why this claim is not barred by limitations. Petitioner is ORDERED TO SHOW CAUSE, by written response filed by JULY 19, 2010, why his *Batson* claim should not be

dismissed as barred by limitations. Petitioner's failure to comply timely with this order will result in dismissal of this claim as barred by limitations.

## *Conclusion*

Petitioner's habeas claims arising from his post-conviction DNA testing proceedings under state law are DISMISSED WITH PREJUDICE for failure to state a cognizable federal habeas claim.

Petitioner's habeas claim raising prosecutorial misconduct in his 1982 conviction is DISMISSED WITH PREJUDICE as barred by limitations.

Petitioner is ORDERED TO SHOW CAUSE, by written response filed by JULY 19, 2010, why his *Batson* claim arising from his 1982 conviction should not be dismissed as barred by limitations.

THIS IS AN INTERLOCUTORY ORDER.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on June 30, 2010.

Gray H. Miller
United States District Judge