IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WILLIAM JOHNSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1152 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL

Petitioner Carl William Johnson, a state inmate proceeding *pro se* and *in forma pauperis*, challenges his 1982 state felony conviction for aggravated sexual assault. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be DISMISSED as barred by limitations.

### *Background and Claims*

Petitioner was convicted of aggravated sexual assault in 1982, and sentenced to sixty years incarceration. The conviction was affirmed on appeal. Petitioner reports that the Texas Court of Criminal Appeals denied his two applications for state habeas relief in 1984. Petitioner complains in the instant habeas petition that the State violated *Batson* and presented false and misleading evidence in his 1982 trial.

***Analysis***

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1),(2).  Because the limitations period found in AEDPA was not enacted until April 24, 1996, the Fifth Circuit has recognized that habeas petitioners whose convictions are final before that date are entitled to reasonable notice of the one-year

2

limitations period. *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998). In that regard, the Fifth Circuit has determined that one year, commencing on April 24, 1996, is a reasonable period. *Id*. at 1006. Petitioners challenging state convictions that were final before AEDPA's enactment are entitled to the same notice period. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Therefore, petitioners who were convicted prior to that date had until April 24, 1997, to file a federal writ unless the petitioner had a state application for a writ of habeas corpus pending at that time. *Id*.

Under 28 U.S.C. §§ 2244(d)(1), (2), petitioner in the instant case had until April 24, 1997, to file a federal habeas petition challenging his 1982 conviction. Petitioner did not seek federal habeas relief regarding his 1982 conviction until the filing of the instant petition in 2007. Accordingly, this federal petition is untimely by nearly ten years.

Because the instant petition showed on its face that it is barred by limitations, the Court ordered petitioner to show cause, by written response filed by July 19, 2010, why this case should not be dismissed as barred by limitations. To-date, petitioner has failed to respond, or request additional time to respond, to the show cause order.

Petitioner does not establish that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional right upon which the petition is based, nor is there a factual predicate for a claim that could not have been discovered previously if petitioner had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Nor does he

argue or show grounds for equitable tolling.  Accordingly, there is no statutory or equitable basis to save petitioner's untimely federal petition.

### *Conclusion*

This case is DISMISSED WITH PREJUDICE as barred by limitations.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on July 30, 2010.

Gray H. Miller
United States District Judge

4